**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
EFRÉN RUIZ SILVA and CATALINO
CAMACHO LÓPEZ,                                        **REPORT & RECOMMENDATION**
                          Plaintiffs,

        - against -                                  10-CV-4951 (DLI) (RER)


M. BEYER CONTRACTING, LTD,
M. BEYER DEVELOPMENT CORP.,
and MICHAEL C. BEYER,

                          Defendants.
-----------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

  **TO THE HONORABLE DORA L. IRIZARRY, UNITED STATES DISTRICT JUDGE**

        Plaintiffs Efren Ruiz Silva ("Silva") and Catalino Camacho Lopez ("Lopez")

(collectively, "Plaintiffs") brought this action against M. Beyer Contracting, Ltd., M. Beyer

Development Corp., and Michael C. Beyer ("Beyer") (collectively, "Defendants") to recover

unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("the

FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law ("the NYLL") Article 19 §§

633 and 652, Article 6 §§ 190 *et seq.*; and 12 New York Codes, Rules and Regulations

("NYCCR") §§ 142-2.2, 142-2.4.  (Docket Entry 6.)

        On May 24, 2011, Plaintiffs filed a motion for default judgment against all of the

Defendants.  (Docket Entry 12.)  On that same day, the Clerk of Court certified that Defendants

had not answered Plaintiffs' complaint and noted that Defendants were in default pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure.  (Docket Entry 15.)  Your Honor

subsequently referred the Plaintiffs' motion to me for a report and recommendation.  (Docket

1

Entry, 5/25/2011.)  On August 4, 2011, Plaintiffs submitted a memorandum of law and documents in support of their damage calculations.[1]  (Docket Entry 18.)

For the reasons stated herein, I respectfully recommend that Plaintiffs' motion be granted and default judgment be entered against Defendants in the amount of (1) $57,284.52 in damages, comprising of $36,249.12 in unpaid compensation and $21,035.40 in liquidated damages; (2) $8,800.50 in attorney's fees and $663.56 in costs; and (3) prejudgment interest of $2.80 per diem from March 21, 2008 until entry of final judgment for Plaintiff Lopez and $6.14 per diem from April 5, 2009 until entry of final judgment for Plaintiff Silva.

## BACKGROUND

Plaintiff Lopez worked for Defendants from approximately June 2006 through January 2010.  (Declaration of Catalino Camacho Lopez ("Lopez Decl."), dated 7/26/11, ¶ 2.)  Plaintiff Silva worked for Defendants from approximately July 2008 through January 2010.  (Declaration of Efren Ruiz Silva ("Silva Decl."), dated 7/26/11, ¶ 2.)  Plaintiffs' job duties included painting, framing, carpentry work, and putting up sheetrock.  (Lopez Decl. ¶ 3; Silva Decl. ¶ 3.)  Plaintiffs typically reported to work at around 7:00 a.m. and left the office at around 5:00 p.m.  (Lopez Decl. ¶ 4; Silva Decl. ¶ 4.)  Lopez worked until 6:30 p.m. approximately three times per month. (Lopez Decl. ¶ 4.)  Plaintiffs typically worked five days per week.  (Lopez Decl. ¶ 5; Silva Decl. ¶ 5.)  Silva, however, worked six days a week approximately six times during his employment. (Silva Decl. ¶ 5.)  Plaintiffs never received any documentation of their wages from Beyer. (Lopez Decl. ¶ 8; Silva Decl. ¶ 10.)

---

[1] On August 17, 2011, Plaintiffs submitted a corrected memorandum in support of their motion. (Docket Entry 19.)

2

Defendants paid Lopez a flat rate of $600 per week in cash, regardless of the number of hours he worked. (Lopez Decl. ¶¶ 7-8.) Lopez did not receive overtime compensation when he worked more than 40 hours per week. (*Id.* ¶ 9.)

Defendants paid Silva a flat rate of $800 per week in cash, except approximately once when Beyer paid Silva by personal check. (Silva Decl. ¶¶ 7, 10.) In June 2009, Beyer told Silva that he no longer had enough money to pay Silva weekly. (*Id.* ¶ 8.) Silva then agreed to be paid twice a month instead at his normal rate of $800 per week. (*Id.*) Beginning in July 2009, M. Beyer began to pay Silva less than his normal weekly rate. (*Id.* ¶ 9.) Silva received $1600 per month in July and August 2009, $1000 in September 2009, $1600 in October 2009, and $800 in November 2009. (*Id.*) He did not receive any payment in December 2009 or January 2010. (*Id.*)

On February 9, 2010, Plaintiffs met with Beyer at his home to request payment of their unpaid wages. (Lopez Decl. ¶ 10; Silva Decl. ¶ 12.) Beyer's wife wrote a handwritten letter in Beyer's name guaranteeing payment of back wages owed to Plaintiffs. (Lopez Decl. ¶ 10; Silva Decl. ¶ 12.) Plaintiffs each signed separate copies of the letter, both of which Beyer also signed. (Lopez Decl. ¶ 10; Silva Decl. ¶ 12; Affirmation of Leonor H. Coyle ("Coyle Aff."), dated 8/4/11, Exh. L.) Plaintiffs subsequently initiated this action on October 27, 2010. (Docket Entry 1.)

## DISCUSSION

### I. Liability

Upon entry of default, defendants concede all well-pleaded factual allegations of liability, except those related to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992) (citations omitted). Plaintiffs are entitled to an entry of default by

virtue of Defendants' failure to respond to Plaintiffs' First Amended Complaint, to respond to Plaintiffs' Motion for Entry of Default Judgment, to notice any appearance on Defendants' behalf, or to otherwise defend against this lawsuit. (Docket Entry 15.)

Under the FLSA, employers have an obligation to pay minimum wage and overtime compensation to employees who are "engaged in commerce or the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206-07. An "employer" is defined under the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . .", and an "employee" is defined under the FLSA as "any individual employed by an employer," with some exceptions related to public service and agricultural work. 29 U.S.C. § 203(d)-(e). Minimum wage under the FLSA is not less than $5.85 after July 24, 2007, not less than $6.55 after July 24, 2008, and not less than $7.25 after July 24, 2009. 29 U.S.C. § 206(a)(1). Overtime compensation according to the FLSA is one and one-half times the regular pay rate for each hour worked over forty hours in any given workweek. 29 U.S.C. § 207(a)(1).

The NYLL defines an employee as "any individual employed or permitted to work by an employer in any occupation," with some exceptions, and an employer as "any organized group of persons acting as employer." N.Y. LAB. LAW § 651(5)-(6). The minimum wage rate under the NYLL, as of January 1, 2007, was at least $7.15 per hour. *Id.* § 652(1). The current minimum wage under the NYLL borrows the federal rate of $7.25 per hour as of July 25, 2009. *Id.* The NYLL further provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action . . . ." *Id.* § 663. Additionally, under NYCRR, "[a]n employer shall pay an employee for overtime at a wage rate

of one and one-half times the employee's regular rate."  N.Y. COMP. CODES R. & REGS. tit. 12, §

142-2.2.

Plaintiffs allege that at all relevant times, Defendants were employers within the meaning

of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. LAB. LAW § 651(6); that Plaintiffs were

employees within the meaning of the FLSA, 29 U.S.C. § 203(e), and the NYLL, N.Y. LAB. LAW

§ 651(5); that Plaintiffs are entitled to compensation under the FLSA because their employment

falls within the meaning of 29 U.S.C. § 206; and that Plaintiffs are entitled to compensation

according to the NYLL, N.Y. LAB. LAW § 652.  (Compl.[2] ¶¶ 21-24, 35-37.)  Plaintiffs have

supported these assertions adequately by providing signed affidavits accompanying records of

their time spent working for Defendants.  (Lopez Decl.; Silva Decl.; Coyle Aff., Exh. H-J.)

Plaintiffs claim that at various times between July 2006 and January 2010, Defendants failed to

provide them the statutory minimum hourly wage as required by federal and state law.  (Compl. ¶

2, 4.)  Finally, Plaintiffs allege that at various times during that time period, they worked in

excess of forty hours per workweek without being paid one and one-half times their hourly wage

for time in excess of forty hours per week.  (Compl. ¶ 3, 4.)  These allegations establish

Defendants' liability under both the FLSA and the NYLL.  *See* 29 U.S.C. §§  206, 207; N.Y.

LAB. LAW §§ 633, 652; N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.


II.    **Damages**

Having shown liability by virtue of Defendants' default, Plaintiffs' claims for damages

must be established so that the Court may ensure that there is a proper basis to enter judgment in

---

[2] Citations to "Compl." refer to the First Amended Complaint.  (Docket Entry 6.)

the amount demanded.  *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir.

1989).  A court may make this determination based upon evidence presented at a hearing or upon

a review of detailed affidavits and documentary evidence.  *See id.*; FED. R. CIV. P. 55(b)(2);

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (citations omitted).

Since both the FLSA and the NYLL are compensatory in nature, double recovery may result if

unpaid wages are awarded for the same hours worked under both the federal and the state law.

*Blue v. Finest Guard Servs., Inc.*, No. 09-CV-133 (ARR), 2010 WL 2927398, at *6 n.11 (citation

omitted).  The statute of limitations for each claim will thus dictate under which law a claimant

will be entitled to recovery.  The statute of limitations for the FLSA claims is two or three years

depending upon whether the violation was willful.  29 U.S.C. § 255(a).  The claims here are

willful,[3] so the three year FLSA statute of limitations applies.  The NYLL statute of limitations is

six years.  N.Y. LAB. LAW § 198(3), 663(3).  Accordingly, Lopez is entitled to FLSA damages

from November 2007 through January 2010, and NYLL damages from June 2006 through

October 2007.  (Plaintiffs' Memorandum of Law in Support of Default Judgment Pursuant to

Federal Rule of Civil Procedure 55(b) ("Pl. Mem."), dated 8/17/11,[4] at 10.)  Silva started

working for Defendants in June 2008, which is less than three years before the current lawsuit

was commenced.  (*Id.*)  Therefore, Silva is entitled to damages under both the FLSA and the

NYLL, as applicable.

---

[3] See *infra* Part II.B.2. NYLL Liquidated Damages.

[4] Plaintiffs filed an updated memorandum on 8/17/11 because their initial submission
from 8/4/11 was missing pages.  (Docket Entry 19.)

A.    <u>Unpaid Compensation</u>

An employee bringing an action for unpaid wages bears the burden of proving that he or she was not compensated for work performed.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds*, The Portal-To-Portal Act, 61 Stat. 85.  Under both the FLSA and the NYLL, an employer must maintain accurate records of an employee's hours.  29 U.S.C. § 211(c); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6.  However, when an employer's records are inadequate, an employee may meet this burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (quoting *Mt. Clemens Pottery*, 328 U.S. at 687).  A plaintiff-employee may meet this standard solely through his or her own recollection.  *Id.* (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).

In support of a damages award, Plaintiffs submitted affidavits and supporting documents. (*See generally* Docket Entry 18.)  Their affidavits describe their years of employment, average hours, wages paid, overtime wages, and unpaid compensation.  (*See* Silva Decl.; Lopez Decl.) Plaintiffs have also attached spread sheets reflecting their specific damage calculations.  (*See* Coyle Aff., Exh. H-J.)  Plaintiffs seek a total of $64,813.65 from Defendants, comprising of $30,100.00 in back pay, $9,558.24 in liquidated damages under the FLSA, $5,785.00 in liquidated damages under the NYLL, $4,312.93 in pre-judgment interest, and $15,057.48 in attorney's fees.  (*Id.*, Exh. J.)  Plaintiffs' damage calculations contain several factual and legal errors, each of which will be discussed in turn.

1.     Unpaid Regular Wages

Silva explains in his affidavit that he was regularly paid $800 per week regardless of the

hours he actually worked, apparently pursuant to an oral agreement with Defendants.  (Silva

Decl. ¶ 7.)[5]  Silva also explains that there were weeks during which he was either not paid the

full $800 or was not paid anything at all.[6]  (Silva Decl. ¶ 9.)  Relying exclusively on the NYLL

§§ 190, 191, and 193, Silva seeks damages in an amount equal to the difference between the

$800 per week that he should have been paid and the amount he was actually paid.[7]

The New York Labor Law requires employers to pay wages to manual workers "weekly

and not later than seven calendar days after the end of the week in which the wages are earned."

N.Y. LAB. LAW § 191(1)(a)(i).  Wages are defined as "the earnings of an employee for labor or

services rendered, regardless of whether the amount of earnings is determined on a time, piece,

commission or other basis."  *Id.* § 190.  Additionally, an employer may not make "any

---

[5] This purported agreed-upon rate is higher than the applicable minimum wage (e.g.,
$800/50 hours = $16/hour).  *See* 29 C.F.R. §778.109 (employee's regular rate determined by
"dividing the total remuneration for employment (except statutory exclusions) in any workweek
by the total number of hours actually worked by him in that workweek for which such
compensation was paid").

[6] Lopez did not provide any evidence of not receiving his regular wages.  (*See* Lopez
Decl.; Coyle Aff., Exh. I.)

[7] In so arguing, Silva could not rely upon the FLSA, as it does not permit recovery of
agreed-upon wages in excess of the minimum wage.  29 U.S.C. § 216(b) ("Any employer who
violates the provisions of section 206 or section 207 of this title shall be liable to the employee or
employees affected in the amount of their unpaid minimum wages, or their unpaid overtime
compensation, as the case may be, and in an additional equal amount as liquidated damages.");
*see also Wage and Hour Division*, U.S. DEP'T OF LABOR,
http://www.dol.gov/whd/minimumwage.htm (last visited Nov. 18, 2011) ("The FLSA does not
provide wage payment collection procedures for an employee's usual or promised wages or
commissions in excess of those required by the FLSA.")

deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit." *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 346-47 (1997); *see also* N.Y. Lab. Law § 193 (listing circumstances in which deduction of employee's wages is allowed). The New York Labor Law reflects the state's "longstanding policy against the forfeiture of earned but undistributed wages." *Markby v. PaineWebber Inc.*, 650 N.Y.S.2d 950, 954 (N.Y. Sup. Ct. 1996), *aff'd* 664 N.Y.S.2d 520 (1st Dep't 1997). *Accord Media v. HSH Nordbank AG*, No. 08-CV-4342 (BSJ), 2009 WL 855951, at *2 (S.D.N.Y. Mar. 25, 2009).

Nevertheless, a plaintiff's cause of action under New York Labor Law §191 is dependent upon his contractual right to the wages purportedly due. *Simas v. Merrill Corp.*, No. 02-CV-4400 (KTD), 2004 WL 213013, *2 (S.D.N.Y. Feb. 4, 2004) ("Failure to establish a contractual right to wages necessarily precludes a statutory claim under New York labor law."); *see also Graf v. Enodis Corp.*, No. 02-CV-5922 (JSR), 2003 WL 1702026, *1 n.2 (S.D.N.Y. Mar. 28, 2003); *Tierney v. Capricorn Investors, L.P.*, 592 N.Y.S.2d 700, 703 (1st Dep't 1993). Thus, the question becomes whether Silva had a contractual right to the agreed-upon wages.

Ordinarily, employment contracts fit within the Statute of Frauds, and therefore must be in writing. N.Y. Gen. Oblig. L. § 5–701; *see Devany v. Brockway Dev., LLC*, 900 N.Y.S.2d 329, 330 (2d Dep't 2010). The prohibition on enforcement of oral contracts contained within the Statute of Frauds, however, does not apply to employment contracts that are terminable at will by either the employer or the employee, as termination may occur within one year. *Canet v. Gooch Ware Travelstead*, 917 F. Supp. 969, 984 (E.D.N.Y. 1996) (Trager, J.) (citing *Ohanian v. Avis Rent A Car System, Inc.*, 779 F.2d 101, 108 (2d Cir. 1985); *Curtis v. Harry Winston, Inc.*, 653 F. Supp. 1504, 1510 (S.D.N.Y. 1987); *Zinn v. Bernic Construction Inc.*, 416 N.Y.S.2d 725 (N.Y.

Sup. Ct. Queens Cnty. 1979)); *cf. Zaitsev v. Salomon Brothers, Inc.*, 60 F.3d 1001, 1003 (2d Cir. 1995) ("Under New York law, however, if performance within one year depends upon an act *solely* within the control of the party seeking to enforce the oral agreement, the Statute of Frauds remains applicable.") (emphasis added). Here, there is no question that Silva was an at will employee, as he could have been terminated or chose to stop working at any time. *Rooney v. Tyson*, 91 N.Y.2d 685, 689 (1998) ("'[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party.'") (citations omitted). Therefore his agreement with Defendants need not have been in writing to be enforceable, and he is entitled to his unpaid wages under the New York Labor Law due to Defendants' default.

Accordingly, Silva is due $19,800.00 in unpaid regular wages under NYLL §§ 190, 191, and 193.[8] *See Ho v. Target Construction of NY, Corp.*, No. 08-CV-4750 (KAM) (RER), 2011 WL 1131510, *14-15 (E.D.N.Y. Mar. 28, 2011) ("Plaintiff can recover [under the NYLL] for all unpaid wages at the promised [oral] rate of pay, *i.e.*, the daily rate promised by [the employer].")

---

[8] This amount was calculated based on the spread sheet Silva's counsel provided. (Coyle Aff., Exh. H, rows 51-55, 58-60, 62-70, 73, and 75-83.) I note, however, that there are several errors in the spread sheet. For example, the "weekly rate of pay," "wages earned," "wages paid," and "wages owed" columns in rows 62-63 each indicate $400. That cannot be. If Silva's rate of pay and wages paid are equal, he cannot be owed anything. I can only assume counsel intended the weekly rate of pay and wages earned columns to be $800 – Silva's regular rate – and the wages paid and wages owed columns to be $400, which makes sense in light of the factual assertions in Silva's declaration. There are other similar errors throughout the spread sheet. Suffice it to say that I carefully analyzed the spread sheet and compared it to the factual assertions in Silva's affidavit, and the damage amounts recommended are true and correct.

2. <u>Unpaid Overtime Compensation</u>

Silva and Lopez each claim they were not paid one and one-half times their regular rate of pay for hours they worked in excess of forty per week.[9]  Silva and Lopez seek a total of $2,598.24 and $11,340.00 in overtime damages, respectively.  Of course, overtime pay is determined by multiplying the hours an employee works in excess of 40 by one and one-half his regular rate of pay.

I have carefully examined the submissions supporting Lopez's overtime claim, and I find that he is entitled to the overtime damages he seeks – $11,340.00.[10]

The amount Silva seeks, however, is based on a fundamental flaw in his spread sheet, and it cannot be accepted.  With a few exceptions, Silva lists that he worked 50 hours per week, yet for those weeks he lists only 5 overtime hours.  This cannot be true.  By definition, overtime hours are those worked in excess of 40 per week.  For those weeks that Silva worked 50 hours, he is entitled to 10 hours of overtime pay at one and one-half times his regular rate. (*See* Coyle Aff., Exh. H.)  I have analyzed Silva's submissions and calculated his overtime pay due for each pay period based on the following formula:

1. $800 (agreed-upon weekly wage) / number of hours worked = regular hourly wage
2. regular hourly wage * 40 hours = pay due for regular hours

---

[9] Silva is due overtime compensation under the FLSA, 29 U.S.C. § 207(a)(1), because his claims fit within the FLSA statute of limitations.  *See* 29 U.S.C. § 255(a).  Lopez's overtime claims are split between the FLSA for his more recent claims, *id.*, and the NYLL for his older claims, N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.4, dependent on the statute of limitations for each claim.  *See* 29 U.S.C.§ 255(a); N.Y. LAB. LAW § 198(3), 663(3).  *See supra* Part II. Damages for a further explanation of the statute of limitations related to each Plaintiff's claims.

[10] As discussed below, $6,864.00 of this amount comes under the FLSA, and $4,476.00 under the NYLL.

3.  1.5 * regular hourly wage * number of hours worked in excess of 40/week = overtime pay due
4.  pay due for regular hours + overtime pay due - wages actually paid = overtime damages due

Silva is thus due $5,109.12[11] in overtime compensation.

Therefore, I respectfully recommend that Plaintiffs are entitled to $16,449.12 in unpaid overtime compensation, with $5,109.12 to be paid to Silva and $11,340.00 to be paid to Lopez.

B.    Liquidated Damages

Plaintiffs also seek liquidated damages against Defendants under the FLSA and the NYLL.  Plaintiffs are entitled to liquidated damages under both the FLSA and the NYLL for the same time period because the liquidated damages provisions of each statute seek to vindicate a different type of wrong.  *See Lanzetta v. Florio's Enter., Inc.*, No. 08-CV-6181 (DC), 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) (the FLSA liquidated damages provision is compensatory whereas the NYLL liquidated damages provision is punitive) (citations omitted).  Accordingly, Plaintiffs can recover liquidated damages under both the FLSA and the NYLL for the time periods in which their claims fall within the statute of limitations for both laws.[12]  However, where Plaintiff Lopez's claim falls only within the NYLL statute of limitations, Lopez can recover liquidated damages only under the NYLL.

---

[11] It should be noted that for rows 51 and 52 on Silva's spreadsheet, the owed overtime compensation is $114.56 for each of these weeks.  (*See* Coyle Aff., Exh. H.)  This amount was obtained by using the above formula and rounding the regular hourly wage to $14.29.

[12] *See supra* II. Damages for a discussion of each law's statute of limitations.

1.     FLSA Liquidated Damages

Under the FLSA, "[a]ny employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA further provides that "if the employer shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that . . . [it] was not a violation . . . [of the FLSA], the court may, in its sound discretion, award no liquidated damages or award any [lesser] amount . . . ." 29 U.S.C. § 260. In light of Defendants' default, there has been no showing that Defendants acted in good faith or that the Court should decline its discretion in granting liquidated damages. *See Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (noting that an employer bears the burden of establishing the good faith defense under section 260 through "plain and substantial evidence") (citations omitted); *Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448, 459 (E.D.N.Y. 2007) ("Simply put, double damages are the norm, single damages the exception, the burden on the employer") (citation and internal quotation marks omitted). Therefore, Plaintiffs are entitled to FLSA liquidated damages, equal to the amount of compensation they received under the FLSA.

Lopez asks for his claims to be governed under the FLSA beginning in November 2007, so November 1, 2007, is the date his FLSA claim will be deemed to have accrued.[13] (Pl. Mem. at 10.) The amount of overtime compensation Lopez is due from November 1, 2007 to January 10,

---

[13] The statute of limitations for Lopez's FLSA claim actually began to run on October 26, 2007, which is three years before this lawsuit was filed.

2010 is $6,864.00.  Lopez is therefore also entitled to that same amount in FLSA liquidated damages.

Plaintiff Silva is entitled to FLSA liquidated damages only for his overtime claim because that is the only claim that arises under the FLSA.[14]  Under the FLSA liquidated damages provision, Silva can recover an additional 100% of the overtime compensation he is owed under the FLSA.  29 U.S.C. § 216(b).  Silva's FLSA liquidated damages based on his unpaid overtime compensation is thus $5,109.12.

Accordingly, Plaintiffs are owed a total of $11,973.12 in liquidated damages under the FLSA, to be divided between the Plaintiffs as outlined above.

        2.     <u>NYLL Liquidated Damages</u>

Liquidated damages under the NYLL are equal to 25% of the unpaid compensation.  N.Y. LAB. LAW § 198(1-a).  Prior to 2009, an employee could only receive liquidated damages under the NYLL if his employer's failure to pay him was willful.  N.Y. LAB. LAW § 198(1-a).  Since 2009, the standard has changed and an employee can recover liquidated damages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  *Id.*  Plaintiffs' claims span the period when the liquidated damages standard changed under the NYLL.  Nevertheless, Plaintiffs have only briefed the more stringent willfulness standard.  (Pl. Mem. at 12.)

A failure to pay wages is deemed willful where the defendant does not appear in the case and a default judgment is entered against him.  *Blue v. Finest Guard Servs.*, No. 09-CV-133

---

[14]  Silva is not entitled to FLSA liquidated damages on his $19,800.00 claim for unpaid regular wages because there is no right to recover agreed-upon wages under the FLSA.

(ARR) (CLP), 2010 WL 2927398, *11 (E.D.N.Y. June 24, 2010) (citation omitted).  Plaintiffs

have thus met the more stringent willfulness standard under the NYLL for receiving liquidated

damages, which is the same under both the NYLL and the FLSA.[15]  *Id.*  Because Plaintiffs meet

the more demanding willfulness standard, they implicitly meet the good faith standard as well.

Plaintiffs are therefore entitled to NYLL liquidated damages spanning back the entire six year

statute of limitations period under the NYLL.

Lopez is due $2,835.00, which equals 25% of the entirety of his overtime claim, spanning

both the FLSA's and the NYLL's limitations periods.  I have separately calculated the NYLL

liquidated damages amount owed to Silva to be $6,227.28, which consists of 25% of his unpaid

regular wages ($19,800), and 25% his unpaid overtime compensation ($5,109.12).


## III.    Attorney's Fees

In fashioning attorney's fees awards, the court is required to determine the

"presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of

Albany*, 522 F.3d 182, 189 (2d Cir. 2008).  As part of its equitable analysis, a court is urged to

"bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate

the case effectively."  *Id.* at 190.  Courts enjoy considerable discretion in determining the

presumptively reasonable fee, and they may weigh a number of factors, including the time and

labor involved, the level of skill required, and fee awards in similar cases.  *See Century 21 Real

---

[15]  Plaintiffs also produced letters signed by their employer, Defendant Michael C. Beyer, on February 9, 2010, acknowledging that he owed Plaintiffs fifteen weeks of backpay.  (Coyle Aff., Exh. L.)  These letters are further evidence of Defendants' willfulness in failing to pay Plaintiffs their wages.

*Estate LLC v. Bercosa Corp.*, 666 F. Supp. 2d 274, 298-99 (E.D.N.Y. 2009) (citing the factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). In determining a reasonable hourly rate, the court should rely on prevailing rates in its district. *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005) (citations omitted). The court's determination should also be informed by its consideration of rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). It is the fee applicant, however, who bears the burden of demonstrating by "satisfactory evidence – in addition to the attorney's own affidavits – that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cnty. of N. Y.*, 433 F.3d 204, 209 (2d Cir. 2005) (citation and internal quotation marks omitted).

A.    Reasonable Rates

As noted above, courts are to apply a presumption, in calculating attorney's fees, in which the prevailing rates in the forum where the court sits are used. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175 (2d. Cir. 2009); *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). The "forum rule" is held to be generally applicable irrespective of "whether the attorney involved was local or non-local." *Agent Orange*, 818 F.2d at 232. Indeed, "[t]here is a strong presumption in favor of the forum rule, and departure is appropriate only if a 'reasonable client would have selected outof-district [*sic*] counsel because doing so would likely (not just possibly) produce a substantially better net result.'" *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08-CV-5458 (GEL), 2009 WL 2482134, at *2 (S.D.N.Y. Aug. 13, 2009) (quoting *Simmons*, 575

F.3d at 172).  In weighing whether the applicant has sufficiently "established such a likelihood, the district court must consider experience-based, objective factors . . . [such as] . . . counsel's special expertise in litigating the particular type of case, if the case is of such nature as to benefit from special expertise." *Simmons*, 575 F.3d at 175-76.  Moreover, the fee applicant "cannot overcome the presumption through mere proximity of the districts, nor can a litigant overcome the presumption by relying on the prestige or 'brand name' of her selected counsel." *Id.* at 176; *see also Agent Orange,* 818 F.2d at 232 (presumption favoring forum rule overcome where applicant established that non-local counsel with special expertise was necessary for the case or where local counsel was unwilling to litigate the matter).

Plaintiffs seek compensation at an hourly rate of $495 per hour for partner Lloyd Ambinder, $340 per hour for associates Leonor Coyle and Kara Belofsky, $395 per hour for associate LaDonna Lusher, and $95-$150 per hour for paralegals and an accountant. (Coyle Aff., Exh. M.)  Although they refer to the correct method of determining reasonable attorney's fees, as set out above, plaintiffs cite my order in *Willix v. Healthfirst, Inc.*, No. 07-CV-1143 (ENV) (RER), 2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) to support the contention that their requested rates are "well within the customary range for partners and associates in this district."  (Pl. Mem. at 14-15.)  However, *Willix* involved a class action with a common fund, which applied the percentage-of-recovery test to arrive at an award for attorney's fees.  *Id.* at *16-17.  Since there were no hourly rates calculated in *Willix*, I do not see how plaintiffs came to the hourly figures they cite.  Furthermore, since the instant case involves hourly wages and is not a class action, the percentage-of-recovery test and the award it produced in *Willix* are inapplicable.

"Within this District, reasonable hourly rates for attorneys have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Jackson Hewitt Inc. v. Excellent Professional Servs. LLC*, No. 08-CV-5237 (JG) (RER), 2010 WL 5665033, at *4 (E.D.N.Y. Nov. 8, 2010) (citing *Gen. Elec. Capital Corp., LLC v. G. Howard Assoc., Inc.*, No. 09-CV-3923 (RRM) (JMA), 2010 WL 2346296, at *5-*6 (E.D.N.Y. May 18, 2010); *Moran v. Sasso*, No. 05-CV-4716 (DRH) (ETB), 2009 WL 1940785, at *4 (E.D.N.Y. July 2, 2009); *Duverger v. C & C Duplicators, Inc.*, 08-CV-0721 (DRH) (ARL), 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009)).  The rates sought by Plaintiffs are higher than those typically awarded in this District.  Plaintiffs have not sustained their burden to prove that a "reasonable client would have selected outof-district [*sic*] counsel because doing so would likely (not just possibly) produce a substantially better net result." *Imbeault*, 2009 WL 2482134, at *2 (quoting *Simmons*, 575 F.3d at 172).  There are attorneys in this District who would likely have achieved the same result as Plaintiffs' counsel.  Moreover, though Plaintiffs have asserted Virginia & Ambinder's successful history representing workers in actions for unpaid wages, the specific qualifications of the attorneys, paralegals, and support staff who assisted on the case are not mentioned; therefore, it is difficult to ascertain with precision the appropriate fees to be awarded in this case.  Plaintiffs leave it to the Court to determine, for instance, whether the rates of $340 per hour for Kara Belofsky or $125 per hour for Marissa Levy are appropriate.  (Coyle Aff., Exh. M.)  I recommend that plaintiffs be awarded the following hourly rates for attorney's fees: $300 for partner Lloyd Ambinder, $200 for associates, and $75 for paralegals and accountants. These rates are in line with those awarded in the Eastern District of New York.

B.    Reasonable Hours Expended

The second component of the presumptively reasonable fee test is the number of hours reasonably expended in litigating the matter, which is defined as the hours actually expended less any "excessive, redundant, or otherwise unnecessary" time. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). To help facilitate the court's analysis, the fee applicant is required to submit contemporaneous time records that "specify, for each . . . [timekeeper], the date, the hours expended, and the nature of the work done." *Vargas v. Transeau*, No. 04-CV-9772 (WHP), 2008 WL 3164586, at *3 (S.D.N.Y. Aug. 6, 2008) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Plaintiffs seek compensation for 84.84[16] hours of work: 2.50 hours for partner Lloyd Ambinder, 0.40 hours for associate Kara Belofsky, 1.00 hour for associate LaDonna Lusher, 13.60 hours for associate Leonor Coyle, and 67.34 hours for several paralegals and support staff. Plaintiffs have fully complied with their obligation to produce the requisite contemporaneous time records detailing hours spent alongside those specific tasks undertaken in connection with the representation. I have examined the time records, and I find that the hours expended are reasonable and not excessive. Accordingly, I recommend that Plaintiffs be awarded compensation for 84.84 hours of work.

Applying the reasonable rates to the reasonable hours billed in this matter, I determine that Plaintiffs are entitled to the following amounts of attorney's fees:

---

[16] Plaintiffs seek compensation for 84.85 hours of work in their memorandum (Pl. Mem. at 15.); however, the hours they expended, as proven by their exhibits, total 85.84 hours of work. (Coyle Aff., Exh. M.)

| Attorney | Hours | Rate | Amount |
|----------|-------|------|--------|
| L. Ambinder | 2.50 | $300 | $750.00 |
| K. Belofsky | 0.40 | $200 | $80.00 |
| L. Lusher | 1.00 | $200 | $200.00 |
| L. Coyle | 13.60 | $200 | $2,720.00 |
| Support Staff | 67.34 | $75 | $5,050.50 |
| Totals | 84.84 | | $8,800.50 |

Therefore, Plaintiffs' attorneys can collect $8,800.50 in attorney's fees.

C.    Costs

Plaintiffs also seek to recover expenses they incurred in litigating the instant matter. "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *United States Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989) (citing *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)), *cert. denied*, 493 U.S. 1071 (1990).

Along with the contemporaneous time records, counsel has submitted summaries of all charge and disbursement amounts incurred by Virginia & Ambinder in conjunction with this litigation. (Coyle Aff., Exh. M.) I have reviewed the submissions and am satisfied that the requested costs are reasonable. I therefore find that Plaintiffs are entitled to the entirety of the costs sought, or $663.56.

**IV.** **Prejudgment Interest**

Plaintiffs seek prejudgment interest of nine percent per annum pursuant to Sections 5001 and 5004 of the New York Civil Practice Laws and Rules ("N.Y. C.P.L.R.") as well. *See Wicaksono v. XYZ 48 Corp.*, No. 10-CV-3635 (LAK) (JCF), 2011 WL 2022644, at *9 (S.D.N.Y. May 2, 2011) (citations omitted). The United States Supreme Court has stated that prejudgment interest is "an element of [plaintiff's] complete compensation." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (quoting *West Virginia v. United States*, 479 U.S. 305, 310 & 310 n.2 (1987)). In *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648 (2d Cir. 1999), the Second Circuit held that the determination of prejudgment interest is properly considered a question of substantive law. *Schwimmer*, 176 F.3d at 650 (citation omitted). Accordingly, state law, not federal, governs the calculation of prejudgment interest on supplemental state law claims. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, Nos. 00-CV-1898 (SAS), 04-CV-3417 (SAS), 2010 WL 1924708, at *1 (S.D.N.Y. May 12, 2010).

Under N.Y. C.P.L.R., Plaintiffs can recover prejudgment interest on their NYLL unpaid wages and overtime claims but not on their NYLL liquidated damages claims. *See* N.Y. C.P.L.R. § 5001; *Heng Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048 (GEL), 2007 WL 1373118, at *9 (S.D.N.Y. May 8, 2007). A party cannot recover prejudgment interest on a FLSA claim where FLSA liquidated damages are awarded. *Chan*, 2007 WL 1373118, at *9 (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir.1988)). Nevertheless, a party can recover prejudgment interest on a claim where damages were awarded under both the NYLL and the FLSA. *Id.* at *9-*10.

New York law provides that prejudgment interest should be awarded "from the earliest ascertainable date the cause of action existed," but when damages are incurred at various times, interest may be calculated on each particular claim separately from the date that claim arose or on all the damages from a "single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). *See also Callier v. Superior Bldg. Servs., Inc.*, No. 09-CV-4590 (ILG) (JMA), 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010) (quoting N.Y. C.P.L.R. § 5001(b)). When a plaintiff incurs damages at various times, it is reasonable to calculate prejudgment interest from the midway point of the plaintiff's employment. *See id.* (citations omitted) (rejecting calculation of interest based on three midpoint dates in favor of calculation based on a single midpoint date); *Wicaksono*, 2011 WL 2022644, at *9 (citations omitted) (accepting plaintiffs' calculation of prejudgment interest based on a single midpoint date as "reasonable"). Here, Lopez's and Silva's claims each arose at various times during their employment, so prejudgment interest will be calculated on the basis of a single midpoint date for each Plaintiff's employment, which is March 21, 2008 for Plaintiff Lopez and April 5, 2009 for Plaintiff Silva.

While New York law provides for prejudgment interest at a statutory rate of nine percent per year, N.Y. C.P.L.R. § 5004, courts retain discretion to apply a lesser interest rate. *Dubec v. N.Y. City Housing Auth.*, 834 N.Y.S.2d 165, 168 (1st Dep't 2007) (citations omitted); *see also Rodriguez v. N.Y. City Housing Auth.*, 91 N.Y.2d 76, 80 (1997) (statutory interest rate language to be read as a maximum rather than a statutorily-mandated rate, and courts may exercise discretion to impose a lower rate). To rebut the presumption of the nine percent rate, the defendant must proffer substantial evidence "that rates of return on both public and private investments during the relevant time period are below nine percent." *Dubec*, 834 N.Y.S.2d at

22

168 (citing *Denio v. State of N.Y.*, 7 N.Y.3d 159, 168 (2006)). Should the defendant be able to make the requisite evidentiary showing, the burden then shifts back to the plaintiff to proffer evidence sufficient to establish that application of "a higher rate, up to the statutory maximum," would be reasonable under the circumstances. *Denio*, 7 N.Y.3d at 168. Since Defendants defaulted in this case, they clearly have not rebutted the presumptive nine percent statutory rate, and therefore, that rate will apply.

Applying a nine percent annual interest rate to Lopez's unpaid wages award of $11,340.00 (($11,340.00 * 0.09) / 365) results in a per diem rate of $2.80, which is the amount of interest that will accrue per day from March 21, 2008 until the entry of judgment. Applying a nine percent annual interest rate to Silva's unpaid wages award of $24,909.12, which consists of his unpaid regular wages and unpaid overtime compensation, (($24,909.12 * 0.09) / 365) results in a per diem rate of $6.14, which is the amount of interest that will accrue per day from April 5, 2009 until the entry of judgment.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that: (1) Plaintiffs' motion for default judgment be granted; (2) Plaintiffs be awarded a total of $57,284.52 in damages, comprising of $36,249.12 in unpaid compensation and $21,035.40 in liquidated damages, to be divided according to the calculations contained herein; (3) Plaintiffs be awarded $8,800.50 in attorney's fees and $663.56 in costs; and (4) Plaintiffs be awarded prejudgment interest, for Plaintiff Lopez in the amount of $2.80 per diem from March 21, 2008, and for Plaintiff Silva in the amount of $6.14 per diem from April 5, 2009, until entry of final judgment.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Dora L. Irizarry within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve a copy of this Report and Recommendation upon Defendants by certified mail within two business days, at Defendants' last-known address, and to promptly thereafter file proof of service with the Clerk of the Court.

Dated: November 18, 2011
        Brooklyn, New York

*Ramon E. Reyes Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**